IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cr-30006-DWD |
| | ) |
| DONVIE S. EDDINGTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Motion for Compassionate Release. (Doc. 49). The Government filed a Response in Opposition to that Motion. (Doc. 51). For the reasons explained below, Defendant's Motion for Compassionate Release is **DENIED**.

Defendant pled guilty to being a felon in possession of a firearm and, on August 11, 2021, he was sentenced to 83 months in prison. (Docs. 17, 28, 47, 48). Neither a direct appeal, nor any other petition or application related to the Court's judgment and conviction, was filed. However, on July 7, 2025, the Court denied Defendant's request to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. *See Eddington v. USA*, No. 22-cv-2001-DWD, Docs. 29 & 30 (S.D. Ill. July 7, 2025).

Now, with hardly any factual or legal analysis, Defendant has filed a Motion for Compassionate Release that is entirely limited to the three following paragraphs:

> Comes now, Donvie Sadan Eddington, Sr. ("For the Defense") and files a Motion for Compassionate Release/Reduction in Sentence (RIS) based on extraordinary circumstances that could not have [been] foreseen at the time of my sentencing.

> For the above stated reasons the Defense respectfully request[s] the Court to grant Mr. Eddington Sr.['s] Section 3582(c)(1)(A) Motion and afford him the requested relief or the alternative relief requested in Mr. Eddington Sr.'s prior amendment. Also Mr. Eddington Sr.'s 6 point sentencing enhancement for marijuana is no longer applicable as Mr. Eddington Sr.'s prior charges were dismissed (*see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).
>
> Title 18 of the United States Code, Section 3582(c)(1)(A), allows a sentencing court, on motion for the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.

(Doc. 49, pgs. 1-2).

On May 20, 2024, Defendant requested a compassionate release from the Warden of USP Big Sandy, but that request was denied on January 17, 2025. (Doc. 49, pgs. 3-6).

In its Response in Opposition to the Motion for Compassionate Release, the Government initially notes, as the Court did above, that "Defendant's motion contains little supportive information." (Doc. 51, pg. 10). However, it argues Defendant must be proceeding under U.S.S.G. § 1B1.13(b)(6), as the other bases on which to show "extraordinary and compelling reasons" are inapplicable. (Doc. 51, pg. 10). In the Government's view, a compassionate release is inappropriate for the following reasons: (1) the Sentencing Commission exceeded its Congressionally-delegated authority when promulgating U.S.S.G. § 1B1.13(b)(6); and (2) even if the Sentencing Commission validly exercised its authority in light of the text, structure, and purpose of 18 U.S.C. § 3582(c)(1)(A), Defendant is not entitled to a compassionate release under § 1B1.13(b)(6) and (c) because "he has not served ten years prior to seeking relief." (Doc. 51, pgs. 10-23).

2

Relevantly, § 3582(c)(1)(A)(i) provides as follows: "The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

>  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction…
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Relatedly, § 1B1.13(b)(6), which governs unusually long sentences, provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Finally, § 1B1.13(c), which provides a limitation on changes in the law, states:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive)

3

> shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id*. § 1B1.13(c).

Here, it is clear to the Court that the Government's arguments must win the day. Initially, the Government is correct that the Seventh Circuit has held, unequivocally, nonretroactive changes in the law do not constitute "extraordinary and compelling reasons" for relief. *See U.S. v. Williams*, 65 F.4th 343, 345-47 (7th Cir. 2023) (citing *U.S. v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021)); *see also U.S. v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (stating, "[w]hen deciding whether 'extraordinary and compelling reasons,' 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release," as part of the Court's "threshold" inquiry of whether the prisoner is entitled to relief, "judges must not rely on non-retroactive statutory changes or new judicial decisions"). As such, new and nonretroactive statutes or judicial decisions, even those that announce new law, cannot, by themselves, give rise to extraordinary and compelling circumstances that allow for a sentencing reduction via compassionate release. *U.S. v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *accord Brock*, 39 F.4th at 465; *U.S. v. Plunkett*, No. 13-cr-30003, 2024 WL 2154928, *2-3 (S.D. Ill. May 14, 2024); *U.S. v. Black*, 715 F. Supp. 3d 1069, 1080 (N.D. Ill. 2024); *see also King*, 40 F.4th at 595 ("There's nothing 'extraordinary' about new statutes or caselaw…; these are the ordinary business of the legal system."). Otherwise, § 3582(c)(1)(A) could serve as an alternative to a direct appeal or postconviction motion

under § 2255. *Von Vader*, 58 F.4th at 371; *accord Brock*, 39 F.4th at 465. Therefore, to the extent Defendant argues a change in the law related to his marijuana offenses in St. Louis County, Missouri, warrants compassionate release, he is mistaken. (Doc. 49, pgs. 1-2).[1]

In any event, the Government is correct that, even if § 1B1.13(b)(6) were a valid exercise of the Sentencing Commission's authority, Defendant could not benefit from that provision. Based on his offense level and criminal history category, Defendant's guideline sentencing range was 77 to 96 months of imprisonment. *See Eddington*, No. 21-cr-30006-DWD, Sealed Doc. 21, pg. 18; Doc. 48, pgs. 4-5. He was sentenced at the low end of that range to 83 months of imprisonment. *Id.* at Docs. 31, pg. 2; 48, pg. 9, 12-13. As a result, it cannot be said that Defendant "received an unusually long sentence *and* has served at least 10 years of the term of imprisonment," as necessary for "a change in the law…[to] be considered in determining whether the defendant presents an extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13(b)(6) (Emphasis added). Indeed, it is a factual impossibility for Defendant to serve 10 years on an 83-month term of imprisonment under § 1B1.13(b)(6). *See id.* And, importantly, "a change in the law…shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under" § 1B1.13 "[e]xcept as provided in subsection (b)(6)." *Id.* at § 1B1.13(c).

Finally, the Court notes, as was the case in the prior proceedings under § 2255, Defendant has provided no evidence to suggest his prior marijuana convictions from St. Louis County, Missouri, were "dismissed," expunged, or otherwise disturbed. Likewise,

---

[1]While Defendant's basis for relief in the Motion for Compassionate Release is a bit unclear, the Court notes that he sought compassionate release from Warden Brewer based on the following: "Change in Law; i.e. marijuana convictions." (Doc. 49, pg. 4). As discussed above, that relief is unwarranted.

Petitioner has failed to provide any evidence or argument regarding the basis for any dismissal or expungement. Again, the Motion for Compassionate Release is limited to a mere three paragraphs, and the exhibits attached thereto reflect only that Defendant unsuccessfully sought compassionate release on that basis from Warden Brewer of USP Big Sandy. *See Thomas v. U.S.*, No. 22-cv-298, 2025 WL 962165, *4 (E.D. Mo. March 31, 2025) (rejecting a petitioner's ground for relief under § 2255, based on the failure of counsel to advise of the potential expungement of prior convictions, because he "offer[ed] no argument or authority in support of th[at] claim" and, "[w]ithout a showing that his convictions were expungable and the basis upon which the convictions could have been expunged," he could not show deficient performance); (Doc. 49, generally).

Nevertheless, the Court notes § 4A1.2(j) of the Sentencing Guidelines, which pertains to the definitions and instructions for computing criminal history, provides as follows on the issue of expunged convictions: "Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))." U.S.S.G. § 4A1.2(j). Application Notes 6 and 10 clarify the type of expunged convictions that do not count toward a criminal history calculation. *Id*. at § 4A1.2, Application Notes 6 and 10. In pertinent part, they state:

> **6. Reversed, Vacated, or Invalidated Convictions.** Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.

* * *

> **10. Convictions Set Aside or Defendant Pardoned.** A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

*Id.*; *see also U.S. v. Streete*, No. 94-3538, 1995 WL 283954, *2 (7th Cir. May 11, 1995) ("The Sentencing Guidelines provide that expunged convictions are not calculated in the defendant's criminal history. Convictions which are excluded from the criminal history category are those in which the defendant was subsequently found innocent or which involved legal error."); *U.S. v. Wilson*, 355 Fed. App'x 49, 51 (7th Cir. 2009) ("[E]xpunged convictions based on innocence or procedural irregularity are not counted.").

Federal, not state, law determines whether a prior sentence is counted for criminal history purposes, including as to § 4A1.3(j). *U.S. v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005). Therefore, even if Defendant's prior marijuana convictions from St. Louis County, Missouri, were expunged and could be considered for compassionate release, any expungement would have to be based on constitutional invalidity, innocence, or a mistake of law. *See* U.S.S.G. § 4A1.2(j), Application Notes 6 and 10; *Townsend*, 408 F.3d at 1024. Defendant has given no indication that those circumstances are at play here, and his statements of record about general changes in the law or policy toward marijuana in the State of Missouri strongly suggest they do not exist. Accordingly, on this record, the Court must also reject the alleged dismissal or expungement of Petitioner's prior marijuana convictions from St. Louis County, Missouri, as a basis for compassionate release. *See Townsend*, 408 F.3d at 1025 (concluding the defendant's prior third-degree

burglary conviction was not expunged for purposes of his criminal history calculation and § 4A1.2(j), as that prior conviction "was exempted from public access to permit…a clean start and to restore some civil rights" rather than to reflect "constitutional invalidity, innocence, or a mistake of law"); *U.S. v. Lincoln*, 408 F.3d 522, 525 (8th Cir. 2005) (concluding the defendant's prior marijuana conviction was not expunged for purposes of his criminal history calculation where "the relevant facts of th[e] case and *Townsend* [we]re indistinguishable"); *U.S. v. Nelson*, 589 F.3d 924, 925-26 (8th Cir. 2009) (noting *Townsend* "was predicated on the *basis* for expunging the state conviction, not on the *effect* of expungement," such that certain types of "expungement statute[s] limit[] public access to the records of a defendant's prior conviction 'in order to restore his civil rights and [to] give him a new start in the work place and as a citizen,' but [they] do[] not permit him to commit more crimes free of additional punishment based upon his recidivism" for purposes of § 4A1.2(j)) (Emphasis in original.); *U.S. v. Phillips*, 124 F.4th 522, 526-27 (8th Cir. 2024) (noting, while citing *Townsend* and § 4A1.2(j), that why the State of Missouri "went down the expungement route matters," as some expunged convictions, such as those based on constitutional invalidity, innocence, or a mistake of law, do not count for purposes of a criminal history calculation, while other expunged convictions, like those predicated on a clean start or the restoration of some civil rights, do count toward a criminal history calculation); *U.S. v. Sturm*, No. 21-cr-3119, 2023 WL 7191168, *1 (W.D. Mo. Nov. 1, 2023) (denying the defendant's motion for compassionate release where, despite his argument that prior Missouri convictions for marijuana-related offenses no longer factored into his criminal history calculation following a 2022 Missouri

8

referendum that expunged prior low-level marijuana convictions, "the Eighth Circuit has held that expungement of prior state-level convictions impacts sentencing guidelines only when the expungement occurs 'due to constitutional invalidity, innocence, or a mistake of law'" and the 2022 constitutional amendment "reflect[ed] an altogether different basis for expungement…[that] d[id] not on its own necessarily impact [his] sentencing guidelines…[or] constitute extraordinary reasons for compassionate release).

Based on the above conclusions, it is unnecessary to consider how the § 3553(a) sentencing factors apply to Defendant on this posture. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *U.S. v. Newton*, 37 F.4th 1207, 1210 (7th Cir. 2022) (noting the weighing of the § 3553(a) sentencing factors is an "unnecessary step two if the prisoner has not satisfied step one of identifying an extraordinary and compelling reason for a sentence reduction"); *U.S. v. Carr*, 568 F. Supp. 3d 950, 952 (N.D. Ill. 2021) (declining to consider if the § 3553(a) sentencing factors supported relief where the defendant had not cleared the threshold inquiry of showing an extraordinary and compelling reason under § 3582(c)(1)(A)).

### III. CONCLUSION

As explained above, Defendant's Motion for Compassionate Release is **DENIED**.

**SO ORDERED.**

Dated: July 15, 2025

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge