IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cr-30006-DWD |
| | ) |
| DONVIE S. EDDINGTON, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part A). (Doc. 52). The Government filed a Response in Opposition to that Motion. (Doc. 55). As stated below, Defendant's Motion is **DENIED**.

Defendant pled guilty to being a felon in possession of a firearm and, on August 11, 2021, he was sentenced to 83 months in prison. (Docs. 17, 28, 47, 48). That offense occurred while Defendant was on supervised release. (Sealed Doc. 21, pg. 11). Neither a direct appeal, nor any other petition or application related to the Court's judgment and conviction, was filed by Defendant. However, on July 7, 2025, the Court denied Defendant's request to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Eddington v. USA*, No. 22-cv-2001-DWD, Docs. 29 & 30 (S.D. Ill. July 7, 2025). Further, on July 15, 2025, the Court denied his Motion for a Compassionate Release. (Doc. 56).

Now, in the Motion for a Sentence Reduction under § 3582(c)(2) and Amendment 821 (Part A), which contains hardly any factual or legal analysis, Defendant suggests he is owed a sentence reduction based on status points. (Doc. 52, generally). In its Response,

the Government argues "a one level reduction in [D]efendant's criminal history score will not alter his criminal history category, [so] [he] is not entitled to relief." (Doc. 55, pg. 2). More specifically, while the Sentencing Commission's retroactive "status point" amendment reduces Defendant's criminal history points from 14 to 13, he is still subject to the same criminal history category of VI. (Doc. 55, pgs. 3-4). Therefore, Defendant's guideline sentencing range remains 77 to 96 months of imprisonment. (Doc. 55, pg. 4).

As alluded to above, the relevant provisions for the instant Motion are § 3582(c)(2) and Amendment 821 (Part A). Following Amendment 821 (Part A), which applies retroactively, U.S.S.G. § 4A1.1(e) provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." As noted by the Government, "a person who otherwise presents 7 criminal history points or more now receives 1 additional 'status' criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points." (Doc. 55, pg. 3).

Upon review of the record and the legal authorities, the Court **FINDS** Defendant cannot benefit from § 3582(c)(2) and Amendment 821 (Part A). As noted by the Government, Defendant's criminal history points would be reduced under those provisions from 14 to 13, but he would still be subject to the criminal history category of VI. (Sealed Doc. 21, pg. 11). By extension, Defendant's guideline sentencing range would remain 77 to 96 months of imprisonment. *See* U.S.S.G. 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and

therefore is not authorized under 18 U.S.C. § 3582(c)(2) if…[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."); (Sealed Doc. 21, pg. 18). Defendant was sentenced to 83 months of imprisonment. (Doc. 31, pg. 2). In short, § 3582(c)(2) and Amendment 821 (Part A) do not affect the calculation of Defendant's criminal history category or his overall term of imprisonment. Defendant is not entitled to a sentence reduction under § 3582(c)(2) and Amendment 821 (Part A), so his Motion is **DENIED**. Defendant's sentence, as stated in the Judgment dated August 11, 2021, remains in full force and effect. (Doc. 31).

    **SO ORDERED**.

    Dated: July 24, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge